IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.   21-338 |
| **DARRYL CRAIG**, | |
| Defendant. | |

**OPINION**

I.   Introduction

The court held a hearing on February 1, 2024, on the following pretrial motions filed by defendant Darryl Craig ("Craig" or "defendant"), who elected to represent himself: (1) a motion to dismiss the indictment (ECF No. 62); (2) a motion to preserve rough notes of law enforcement officers (ECF No. 66); (3) a motion to produce Rule 404(b) and 609 evidence (ECF No. 69); (4) a motion to produce exculpatory and impeachment evidence (ECF No. 70); and (5) a motion for additional discovery (ECF No. 71). Craig filed several memoranda of law (ECF Nos. 62, 67, 68). The government filed an omnibus response to Craig's motions (ECF No. 74). The court ruled on those motions at the hearing and advised the parties it would issue this decision to further explain its ruling denying the motion to dismiss the indictment.

II.   Motion to Dismiss Indictment

A.   General discussion

Craig argues that this prosecution for possession of firearms violates his constitutional rights in numerous respects: (1) the federal government lacks jurisdiction; (2) there is no enumerated power, or delegation from Pennsylvania, to regulate firearm possession in Pennsylvania; (3) his

rights under the Second Amendment were violated; (4-6) his rights under the Fifth, Ninth and Tenth Amendments were violated; (7) 18 U.S.C. § 922(g)(1) is facially unconstitutional; (8) the commerce clause jurisprudence for firearms violates the constitution; (9) his right to bear arms is a fundamental right; and (10) he has an indefeasible right to bear arms as a citizen of Pennsylvania (ECF No. 62 at 5). In his amended memorandum of law (ECF No. 68), Craig asserts that his presence at the residence during the search and his proximity to guns and drugs is not sufficient to convict him.[1]

In *United States v. Huet*, 665 F.3d 588, 594–95 (3d Cir. 2012), rev'd on other grounds, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Third Circuit Court of Appeals reversed a district court's dismissal of an indictment based on the defendant's assertion of Second Amendment rights. The court explained the limited basis to challenge an indictment:

> Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[T]he Federal Rules 'were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.' " *United States v. Resendiz–Ponce*, 549 U.S. 102, 110, 127 S.Ct. 782, 166 L.Ed.2d 591 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953)). Although detailed allegations may have been required under a common law pleading regime, they "surely are not contemplated by [the Federal Rules]." *Id.*

> "It is well-established that '[a]n indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits.' " *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). We have held that an indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Id.* at 321 (citation omitted). "[N]o greater specificity than the statutory language is required so long

---

[1] A motion to dismiss the indictment challenges the adequacy of the indictment on its face and is not the appropriate motion to challenge factual matters. *See* discussion *supra* at 3. Craig mentions in his supplemental memorandum that detectives' actions in taking his wife's backpack from the trunk of her car and breaking open his wife's gun safe violated his Fourth Amendment rights (ECF No. 68 at 4). Craig did not file a motion to suppress evidence.

> as there is sufficient factual orientation" to permit a defendant to prepare his defense and invoke double jeopardy. *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred. *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005); *see also United States v. McCarty*, 862 F.2d 143, 144, 148 (7th Cir. 1988) (finding indictment under 18 U.S.C. § 922(g) sufficient where it tracked the statutory language, stated the date and place of the alleged possession, and specifically identified the type of firearm involved). In contrast, if an indictment fails to charge an essential element of the crime, it fails to state an offense. *United States v. Wander*, 601 F.2d 1251, 1259 (3d Cir.1979).

*Id.* at 594-95.  In *Huet*, the court explained that the district court erred by failing to accept as true the allegations in the Indictment.  *Id.* at 601.  In ruling on a motion to dismiss the indictment, the court is "limited to determining whether, based on the allegations in the Indictment—and only the allegations in the Indictment—her Second Amendment rights have been violated." *Id.*

Craig's challenge to the sufficiency of the evidence (ECF No. 68) is premature.  The decision Craig relies upon, *United States v. Jenkins*, 90 F.3d 814, 816 (3d Cir. 1996), involved whether the evidence was sufficient to support the jury's finding – after a trial -- that the defendant had dominion and control over the drugs.  The court will not dismiss the indictment based on Craig's view of the evidence at this early stage of the case.  *Huet*, 665 F.3d at 595 ("[A] pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence.").

Before addressing Craig's other arguments, the court notes that he was indicted on four counts:  (1) possession with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1); (3) possession of a firearm in

3

furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) possession with intent to distribute cocaine and crack within 1000 feet of an elementary school, in violation of 21 U.S.C. § 860(a).  Craig's motion to dismiss the indictment implicates only count 2 (felon in possession of a firearm/ammunition).  Craig does not challenge the sufficiency of the indictment with respect to counts 1, 3 or 4.  The court now turns to Craig's specific arguments, many of which do not merit extended analysis.

### B.  Jurisdiction

In *United States v. Barbeau*, No. 23-1685, 2023 WL 8449247, at *2 (3d Cir. Dec. 6, 2023), the court deemed a challenge to a district court's jurisdiction to adjudicate a criminal case in which the defendant was charged with violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 922(g)(1), which are federal statutes, to be frivolous.  *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

### C.  Enumerated power or Pennsylvania delegation of authority

Craig argues that "Section 6120(a) of the Pennsylvania Uniform Firearms Act (1995) preempts the Federal Government from regulating firearm possession in Pennsylvania." (ECF No. 62 at 6).  In addition, Craig argues, citing *United States v. Cruikshank*, 92 U.S. 542 (1875), that Congress has regulatory power only over militias, not individuals.

Craig's understanding of preemption doctrine is wrong.  State law cannot preempt federal law.  The Supremacy Clause of the Constitution provides that the Constitution and all laws "of the United States which shall be made in Pursuance thereof" are "the supreme Law of the Land." U.S. Const. art. VI, cl. 2. The Supremacy Clause "invalidates

state law that interferes with or is contrary to federal law." *Farina v. Nokia, Inc.*, 625 F.3d 97,115 (3d Cir. 2010).

Regulation of firearms is a valid exercise of the federal government's power. In *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc) (Porter, J., concurring), the court acknowledged that "before the New Deal Revolution, Congress was powerless to regulate gun possession and use." *Id.* at 108 (citing *Cruikshank*, 92 U.S. at 553 for the proposition that "Congress lacks power to infringe the right declared by the Second Amendment"). The court explained, however: "The landscape changed in 1937, when the Supreme Court adopted an expansive conception of the Commerce Clause. *See NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937)." *Id.* Thereafter, "[n]ewly empowered, Congress promptly enacted the Federal Firearms Act of 1938" and in 1961, "Congress extended the firearms disqualification to all felons, violent or otherwise." *Id.* Since that time, the constitutionality of § 922(g)(1) has been upheld numerous times. *See, e.g., United States v. Singletary,* 268 F.3d 196, 204 (3d Cir. 2001); *United States v. Shambry,* 392 F.3d 631, 634 (3d Cir. 2004). This court is bound by those decisions.

   D.  Second Amendment rights

The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. The crux of Craig's argument is that he has an expansive Second Amendment right to possess a firearm, as interpreted in *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), and *Range*, 69 F.4th at 96, that bars the government from prosecuting

5

him for possessing a firearm. Craig's argument does not warrant dismissal of the indictment.

Craig's Second Amendment rights do not entirely immunize him from prosecution. *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008) ("The right secured by the Second Amendment is not unlimited."). Section 922(g)(1) is not facially unconstitutional. As this court explained in *United States v. O'Connor*, No. CR 03-134, 2023 WL 5542087 (W.D. Pa. Aug. 29, 2023):

> Numerous decisions rejected challenges to § 922(g)(1) after the Supreme Court's decision in *Bruen*. In *United States v. Young*, No. CR 22-054, 639 F.Supp.3d 515, 2022 WL 16829260, at *1 (W.D. Pa. Nov. 7, 2022), after an extensive analysis, the court held that *Bruen* did not undermine the constitutionality of § 922(g). The court rejected a facial attack, concluding that "*Bruen* does not effectively overrule, or even cast into doubt, the legal underpinnings of felons in possession statutes." *Id.* at *7.

*Id.* at *2. The court explained that *Range* was a narrow decision which considered an "as applied" challenge to a defendant whose underlying conviction involved a false statement to obtain food stamps. *Id.* at *3. In *Range*, the Third Circuit Court of Appeals recognized several pronouncements by the Supreme Court about the presumed validity of § 922(g)(1). *Range*, 69 F.4th at 103-04. This court summarized the result in *Range*, as follows:

> The court did not hold that § 922(g)(1) is unconstitutional in all circumstances, as necessary to succeed in a facial challenge. *See United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (en banc) ("A party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid.'") (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987)). To the contrary, the majority opinion in *Range* recognized that the statute is constitutional when applied to violent felons. *Range*, 69 F.4th at 104. Judge Ambro, joined by two other judges, concurred separately to explain that the government's failure to meet its burden in *Range* did not spell doom for § 922(g)(1) and it remains "presumptively lawful." *Id.* at 109 (Ambro, concurring). The dissenting judges would have held that § 922(g)(1) remains valid, even as to Range.

*O'Connor*, 2023 WL 5542087 at *3. In summary, Craig's Second Amendment rights do not require the dismissal of count 2 of the indictment.

6

E-G. Fifth, Ninth and Tenth Amendment rights

The rights Craig asserts under the Fifth, Ninth and Tenth Amendments are all derivative of his Second Amendment claims. To summarize, he argues that his Fifth Amendment due process rights were violated by the manner in which Congress enacted § 922(g)(1) (ECF No. 62 at 30-33); his fundamental Second Amendment rights are protected through the Ninth Amendment (ECF No. 29-30); and that Congress violated the Tenth Amendment by usurping the states' exclusive authority to regulate firearms (ECF No. 62 at 33).

Because, for the reasons set forth above, the indictment in this case does not violate Craig's Second Amendment rights, there is also no violation of the derivative rights Craig asserts under the Fifth, Ninth and Tenth Amendments.

H. 18 U.S.C. § 922(g)(1) is not facially unconstitutional

Craig argues that § 922(g)(1) is facially unconstitutional.[2] As explained above, numerous courts have rejected this argument. *O'Connor*, 2023 WL 5542087 at *3.

I. Commerce Clause

Section 922(g)(1) is a lawful exercise of Congress' power under the commerce clause to regulate interstate trade in firearms. *See Scarborough v. United States*, 431 U.S. 563, 566 (1977) (interstate commerce nexus requirement is satisfied by proof that the firearm previously traveled in interstate commerce); *Singletary,* 268 F.3d at 204; *Shambry,* 392 F.3d at 634.[3]

---

[2] The government submitted a lengthy response in opposition to an "as applied" challenge. The court will not address that response because Craig disavowed an "as applied" challenge. (ECF No. 62 at 17) ("The Second Amendment is not an as-applied amendment.")

[3] There is a nonfrivolous argument that the Supreme Court's expansive view of the Commerce Clause power in *Scarborough*, 431 U.S. at 566, and NLRB, 301 U.S. at 1, is inconsistent with its later pronouncements in *United States v. Morrison*, 529 U.S. 598 (2000), *Jones v. United States*, 529 U.S. 848 (2000), and *United States v. Lopez*, 514 U.S. 549 (1995). *See generally United States v. Coward*, 151 F. Supp.2d 144 (E.D. Pa. 2001). The Third Circuit Court of Appeals, however, has not accepted that argument. *See United States v. Gateward*, 84 F.3d 670,

J.  The right to bear arms is not unlimited

Craig argues that the right to bear arms is fundamental to the scheme of ordered liberty (ECF No. 62 at 5, 18-19).  This argument appears to be an effort to seek protection under the "substantive due process" doctrine.  In *Dobbs v. Jackson Women's Health Organization*, 142 S. Ct. 2228, 2242 (2022), the Supreme Court explained that the Due Process Clause "guarantee[s] some rights that are not mentioned in the Constitution, but any such right must be 'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty.'" *Id.* at 2242.  As explained above, the right to bear arms is not unlimited.  In *O'Connor*, the court recognized that "a ban on felons possessing firearms 'is consistent with this Nation's historical traditions of firearm regulation.'" *O'Connor*, 2023 WL 5542067 at *2 (quoting *United States v. Young*, No. CR 22-054, 2022 WL 16829260, at *7 (W.D. Pa. Nov. 7, 2022), which reviewed the historical traditions).  Also, since 1937 the Supreme Court has recognized Congress' power to regulate firearm possession under the Commerce Clause and § 922(g)(1) has been upheld as a lawful exercise of that power.  *Range*, 69 F.4th at 108 (citing *NLRB*, 301 U.S. at 1); *Scarborough*, 431 U.S. at 566.  This court is bound by those decisions.

K.  Pennsylvania right to bear arms

As explained above, any right to bear arms under Pennsylvania law cannot preempt the federal government's authority to regulate firearms.  *Farina,* 625 F.3d at 115 (Supremacy Clause "invalidates state law that interferes with or is contrary to federal law.").

---

671 (3d Cir. 1996) ("We do not understand *Lopez* to undercut the *Bass/Scarborough* proposition that the jurisdictional element 'in or affecting commerce' keeps the felon firearm law well inside the constitutional fringes of the Commerce Clause.").

L. Conclusion on motion to dismiss the indictment

In summary, the motion to dismiss the indictment (ECF No. 62) is denied.

### III. Other pretrial motions

    A.  Motion to preserve rough notes of law enforcement officers (ECF No. 66)

Craig requests that law enforcement officers preserve all notes taken during the course of the investigation.  The government has no objection to this request and represents that it has instructed law enforcement officers to maintain a copy of their notes to be made available to the defendant, to the extent they exist (ECF No. 74 at 35).

The motion to preserve rough notes (ECF No. 66) is granted.

    B.  Motion to produce Rule 404(b) and 609 evidence (ECF No. 69)

Craig requests that the government produce any evidence it intends to present at trial pursuant to Federal Rules of Evidence 404(b) and 609.  Craig requests a pretrial hearing to determine the admissibility of such evidence.  The government recognizes its duty to provide such evidence and represents that it will provide notice to Craig at least two weeks prior to trial (ECF No. 74 at 36).  The government opposes immediate notice and a pretrial hearing.

The court agrees with the government that two weeks notice is generally deemed adequate and that a pretrial admissibility hearing is not warranted at this time.  There is one cautionary note.  Rule 404(b)(3) requires the prosecutor to "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the

defendant has a fair opportunity to meet it." The court recognizes that Craig is representing himself in this litigation and encourages the government to provide more than two weeks notice to him. To the extent that the government does not provide sufficient notice, the court may be receptive to a motion from Craig for a short continuance of the trial, if needed to provide Craig a fair opportunity to meet such evidence.

In accordance with the foregoing, the motion to produce Rule 404(b) and 609 evidence (ECF No. 69) will be granted in part as unopposed, in that the government will provide two weeks notice of such evidence, and denied in part in all other respects, without prejudice to Craig's ability to file an appropriate motion after notice is provided.

C.  Motion to produce exculpatory and impeachment evidence (ECF No. 70)

Craig requests that the government produce exculpatory and impeachment evidence (i.e., *Brady* material). The government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), and represents that it will provide Brady materials "sufficiently in advance of trial for the Defendant to make effective use of it." (ECF No. 74 at 38). The government notes that at this time it is unaware of any exculpatory evidence.

The motion to produce exculpatory and impeachment evidence (ECF No. 70) will be granted as unopposed. The court reiterates its concern that Craig's status as an incarcerated pro se defendant may require a disclosure further in advance of trial than typical to enable Craig to make effective use of it.

D.  Motion for additional discovery (ECF No. 71)

Craig requests the government to disclose a lengthy itemized list (A to M) of discovery materials (ECF No. 71 at 1-3).  Craig did not articulate the specific need (or legal authority) for each request.  Instead, he conclusorily stated that "[a]dditional discovery is required at this time in order to adequately develop and prepare Mr. Craig's defense."  (ECF No. 71 at 1). Craig's supporting brief simply states that the information is material to his defense (ECF No. 73 at 2).

The government did not respond directly to each item, but represents that it will abide by its obligations under *Brady* and *Giglio*, and materials within the scope of those obligations will be provided. Exculpatory evidence will be produced without undue delay (ECF No. 74 at 40). The government notes that premature disclosure of impeachment material could be problematic, but such evidence will be provided in time for its effective use at trial.  The government opposes "a generalized attempt at wholesale discovery."  (ECF No. 74 at 42).

There is no general right to pretrial discovery in the criminal context analogous to discovery in the civil context. Instead, criminal pretrial discovery primarily is governed by Rule 16 of the Federal Rules of Criminal Procedure, as well as the government's obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500.[4]

Rule 16 requires that the government produce certain categories of information upon request of the defendant: (1) the defendant's statements that are in written or recorded form

---

[4]   The Jencks Act, 18 U.S.C. § 3500, requires the government to provide the defense with statements of witnesses that the government intends to call at trial. The Jencks Act protects discovery of such witnesses' statements, however, "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a); *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).

11

(including grand jury testimony) and any oral statement given by the defendant to a person then known by the defendant to be a government agent, FED. R. CRIM. P. 16(a)(1)(A) & (B); (2) the defendant's prior criminal record, FED. R. CRIM. P. 16(a)(1)(D); (3) all documents and tangible objects within the possession, custody or control of the government which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant, FED. R. CRIM. P. 16(a)(1)(E); (4) results or reports of physical or mental examinations or other types of scientific tests in the government's possession which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial, FED. R. CRIM. P. 16(a)(1)(F); and (5) a written summary of expert testimony the government intends to use during its case in chief at trial, FED. R. CRIM. P. 16(a)(1)(G).

Each of these categories were reviewed on the record and the government agreed to disclose evidence consistent with these categories. The motion for additional discovery (ECF No. 71) is granted in part with respect to disclosures contemplated by Federal Rule of Criminal Procedure 16, *Brady*, *Giglio* and the Jencks Act, and denied in all other respects.

E.  **Conclusions**

For the reasons set forth above and in open court on February 1, 2024: (1) the motion to dismiss the indictment (ECF No. 62) will be denied; (2) the motion to preserve rough notes of law enforcement officers (ECF No. 66) will be granted; (3) the motion to produce Rule 404(b) and 609 evidence (ECF No. 69) will be granted in part and denied in part; (4) the motion to produce exculpatory and impeachment evidence (ECF No. 70) will be granted; and (5) the motion for additional discovery (ECF No. 71) will be granted in part and denied in part. The

court reiterates its concern that Craig's status as an incarcerated pro se defendant may require a disclosure further in advance of trial than typical to enable Craig to make effective use of it.

At defendant's request, jury selection will be held on February 26, 2024 at 9:30 a.m., with trial to commence immediately thereafter.

An appropriate order will be entered.

By the court,

Dated: February 6, 2024

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge