IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.                                                              Criminal No.    21-338

**DARRYL CRAIG**,

Defendant.

## OPINION

Pending before the court are two pro se motions filed by Darryl Craig ("Craig"): (1) a motion to require the government to account for seized currency (ECF No. 168); and (2) a motion to compel the United States to produce documents and evidence about the seized currency (ECF No. 169).  The government filed a response to the motions (ECF No. 172) and they are ripe for decision.

Procedural History

On May 8, 2026, Craig filed a pro se motion for "full return of all property that was seized unlawfully." (ECF No. 149 at 1).  Craig did not identify the property he sought.  The court denied the motion as moot in open court on June 3, 2026, after the government represented it would return certain property to Craig (ECF No. 163).

On June 26, 2026, the court granted the government's motion to return eight specific items of property to Craig.  As relevant to the pending motions, the court ordered the government to return a total of $7,864.00 in United States currency (ECF No. 166).

In the pending motions, Craig argues that the government seized $78,000 during the execution of a search warrant on July 14, 2021.  Craig seeks an accounting for the currency (he

claims an amount of $69,636) that was not ordered to be returned to him.

The government reports that $7,864 was returned to Craig pursuant to the court's June 26, 2026 order.  The government opposes other relief.  The government submitted a copy of the July 14, 2021 incident report (ECF No. 172-2) and the Allegheny County Police Department Case Report (ECF No. 172-3).  The documents reflect that a total of $58,351.00 in United States currency (not $78,000, as Craig claims) was recovered on July 14, 2021, from different areas within the building at 360 Mitchell Avenue, Clairton, PA, and from the pants pocket of a different individual (i.e., not Craig).

The government also submitted a Declaration by Detective David Ernst ("Ernst") (ECF No. 172-4).  Ernst declared that the $58,351 in United States currency are still located in the Allegheny County Evidence Control Lockers and there is no indication that the federal government took custody of that United States currency.[1]

Discussion

Federal Rule of Criminal Procedure 41(g) provides that, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g).  "The only remedy provided for by Rule 41(g) is the return of the property at issue." *United States v. Filter*, No. CRIM. 09-123, 2015 WL 4773360 *4 (W.D. Pa. Aug. 12, 2015).

To the extent that Craig asks this court to order the federal government to return the disputed United States currency to him pursuant to Rule 41(g), his motions must be denied.  As

---

[1] The government represents in its response that Craig, through his counsel, agreed to the return of $7,800 to resolve the forfeiture to which he agreed in his plea agreement, which resulted in cancellation of the forfeiture hearing scheduled for January 16, 2025 (ECF No. 172).  Counsel for the parties indicated at that time they would file an appropriate motion, but that did not occur.

this court explained in *Filter*:

> A motion under this rule may be used to retrieve any property that is still held by the government. When the government states that it does not possess the property at issue, however, the court must determine "whether the government retains possession of the property" and, if not, "what happened to the property." *United States v. Chambers*, 192 F.3d 374, 378 (3d Cir. 1999). An evidentiary hearing is required only when there is a "disputed issue of fact" with respect to either of these questions. *Id*.

> When there is "no dispute as to the fact that the [property has] been transferred by the [government] to [third parties]," then the court may determine the relevant facts for the *Chambers* inquiry without an evidentiary hearing. *Peloro v. United States*, 488 F.3d 163, 178 (3d Cir. 2007). The decision about whether an evidentiary hearing is required "is left to the sound discretion of the District Court." *United States v. Albinson*, 356 F.3d 278, 284 (3d Cir.2004).

*Id.* at *3–4.

In this case, the court need not conduct an evidentiary hearing. It appears to be undisputed that the federal government does not possess (and never possessed) the United States currency at issue. The United States currency remains in the custody of the Allegheny County Police Department. *See* Ernst Declaration (ECF No. 172-4). The court, therefore, cannot order the federal government to return United States currency to Craig that the federal government does not possess.

With respect to Craig's request for discovery, the government represents that the information Craig seeks was previously provided, is not within the government's control, is publicly available (or in Craig's possession), or does not exist. As a practical matter, Craig is now aware that he must seek to recover the United States currency at issue from the Allegheny County Police Department. The court, therefore, need not reach the government's argument that it is divested of jurisdiction because the discovery sought is related to Craig's pending appeal of his conviction and sentence (*See* Appeal No. 24-1440, ECF No. 71) (clerk's letter of 6/4/2025 notifying counsel that Craig's appeal was removed from the calendar).

3

**<u>Conclusion</u>**

For the reasons set forth above, the motion to require the government to account for seized currency (ECF No. 168); and motion to compel the United States to produce documents and evidence about the seized property (ECF No. 169) will be DENIED.

An appropriate order will be entered.

By the court,

Dated: July 14, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge